UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.     Case No. 8:23-cr-72-TPB-CPT

DE'ANTEZ JAMES MORGAN,

    Defendant.
_____/

### ORDER DENYING "DEFENDANT'S MOTION TO DISMISS COUNT I OF THE INDICTMENT UNDER THE SECOND AMENDMENT AND THE COMMERCE CLAUSE"

This matter is before the Court on "Defendant's Motion to Dismiss Count I of the Indictment Under the Second Amendment and the Commerce Clause," filed by counsel on April 13, 2023. (Doc. 24). On April 27, 2023, the United States of America filed a response in opposition. (Doc. 28). Upon review of the motion, response, case file, and the record, the Court finds as follows:

On July 8, 2022, Defendant De'Antez James Morgan was driving his girlfriend's vehicle when law enforcement initiated a traffic stop because they suspected the vehicle's windows were illegally tinted. Passengers in the car had marijuana in their laps in plain view. In addition, a driver's license check revealed that Defendant did not possess a valid driver's license. Police searched the vehicle and found a firearm and ammunition inside the glove compartment. The gun was legally purchased and licensed by Defendant's girlfriend, but Defendant's DNA was found on the firearm.

Because Defendant is a convicted felon, he is charged in a one-count indictment with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] (Doc. 1). Defendant challenges the constitutionality of 18 U.S.C. § 922(g), arguing that the prohibition against a felon possessing a firearm is unconstitutional under recent Second Amendment jurisprudence.

This exact issue was recently examined in *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685 (M.D. Fla. Feb. 6, 2023) (Corrigan, J.). As Chief Judge Corrigan explains, the Court is bound by *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), which holds that statutory restrictions on firearm possession, such as § 922(g), are constitutional and therefore permissible. *Id*. at *3. And "[e]ven if the Court was not bound by *Rozier*, […] § 922(g)(1) is part of the historical tradition of the Second Amendment."[2] *Id*. (collecting cases).

Defendant also argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause, presenting both facial and as-applied challenges. Again, Chief Judge Corrigan addressed this same issue, explaining that "this Court is bound by Eleventh Circuit precedent rejecting both facial and as-applied challenges

---

[1] Defendant was previously convicted of the following offenses: possession of cocaine, sale or delivery of cocaine, and felonious possession of a firearm.

[2] The Court notes that other courts have reached this same conclusion following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022), which requires the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *See Kirby*, 2023 WL 1781685, at *3 (collecting cases).

to 922(g)(1) on this ground." *Id.* at *4 (citing *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1271-74 (11th Cir. 2001)).

For these reasons, "Defendant's Motion to Dismiss Count I of the Indictment Under the Second Amendment and the Commerce Clause" is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 17th day of July, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**